United States District Court
Southern District of Texas
**ENTERED**
December 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| John Kirby, <br> Petitioner, <br><br> v. <br><br> Lorie Davis, <br> Director, Texas Department <br> of Criminal Justice, Correctional <br> Institutions Division, <br> Respondent. | § § § § § § § § § § § | Civil Action H-18-4057 |

## Memorandum and Recommendation

John Kirby has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and thirty-year prison sentence imposed in the 319th District Court of Nueces County, Texas. (D.E. 1.) Nueces County is in the Corpus Christi Division of this district. 28 U.S.C. § 124(b)(6) (2018). Mr. Kirby is housed in the Stevenson Unit of TDCJ, which is in DeWitt County, Texas, within the Victoria Division of this district. *See* 28 U.S.C. § 124(b)(5) (2018).

Under 28 U.S.C. § 2241(d), because Kirby was convicted and sentenced by a state court located in this district and is in custody within this district, venue is proper in any division in this district. At the same time, under 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interests of justice, the court may transfer the case to any division where it may have been brought.

It is not clear why Mr. Kirby chose to file his petition in the Houston division, given that this division has no practical connection to his case. The court records are in Nueces County. It is likely that witnesses and other evidence will be in or near that county as well. To the extent that there is an evidentiary hearing in this case, Nueces County will be more convenient for the parties and witnesses.

Therefore, because this case could have been brought in the Corpus Christi division, for convenience and in the interests of justice, the court recommends that this case be transferred to the Corpus Christi Division of this district.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on December 11, 2018.

                                              Peter Bray
                                    United States Magistrate Judge